51 F.3d 274
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald D. WATT, Defendant-Appellant.
 No. 94-1752.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Ronald D. Watt, a pro se federal prisoner, appeals a district court judgment denying his motion for a new trial pursuant to Fed.R.Crim.P. 33. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In February 1992, a jury convicted Watt of bank robbery by force, entering a bank with intent to commit larceny, and larceny from a bank, in violation of 18 U.S.C. Sec. 2113(a) and (b). The court sentenced Watt to a total of 260 months of imprisonment, three years of supervised release, and imposed a $200 special assessment. A panel of this court affirmed Watt's conviction and sentence. United States v. Watt, Nos. 92-1934 and 92-1935, 1993 WL 190912 (6th Cir. June 3, 1993).
 
 
 4
 Seeking a new trial on the merits, Watt argued that he has discovered new evidence which entitles him to a new trial. Watt alleged that he has discovered a report indicating that the government withheld fingerprint evidence, and that it misled the court and the jury to believe that no fingerprint evidence had been found inside the bank. Watt also alleged that he has an affidavit indicating that the government misled the court to believe it was unaware of an alibi witness. In addition, Watt requested the district court to take custody of all records, files and evidence in the custody of the Battle Creek Police Department, the Federal Bureau of Investigation and the United States Attorney's office pertaining to his case. The district court denied the motion as Watt had not met his burden of showing that he is entitled to a new trial and denied his request to take custody of certain documents and evidence. On appeal, Watt reasserts that he was denied discoverable exculpatory evidence and is therefore entitled to a new trial.
 
 
 5
 Upon review, we affirm the district court's judgment as the court did not abuse its discretion when it denied Watt's motion, even though it used an incorrect legal standard. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993); see also Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.1985). Generally, a motion for a new trial based on newly discovered evidence requires the defendant to show that the evidence: (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. United States v. Hawkins, 969 F.2d 169, 174 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1021 (1993); United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). However, because the government had not disclosed the report regarding the fingerprint evidence found at the bank, Watt was not required to meet the fourth prong of the foregoing test. See Hawkins, 969 F.2d at 175; United States v. O'Dell, 805 F.2d 637, 641 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987).
 
 
 6
 Nonetheless, the district court properly denied Watt's motion as the report is immaterial to his case because the prints were found in a public place and Watt has not presented any other evidence indicating that someone else committed the crime. See Hawkins, 969 F.2d at 174. Moreover, the report would have been cumulative at best as Watt was able to prepare and present an alibi defense, arguing that his fingerprints had not been found at the scene because he was having lunch with three other people at the time of the robbery. See id.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation